UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD B. HOLLAND,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSEPH HOYDIS, *et al.*,<br><br>    Defendants. | Case No. 26–cv–00487–ESK–MJS<br><br><br>OPINION AND ORDER |

**THIS MATTER** having come before the Court on the application (Application) of *pro se* plaintiff Edward B. Holland to proceed *in forma pauperis* (IFP) (ECF No. 1–1); and plaintiff having brought this action against defendants Joseph Hoydis, Sergeant Farabella[1], Jennifer Webb, Robert G. Malestein, and Emily Bell (collectively, Defendants); and the Court finding,

   1.   Pursuant to 28 U.S.C. §1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant submits an affidavit stating the nature of the claim and a belief that they are entitled to redress, and a *complete statement* of their claims. *See Jones v. Corzine*, No. 09–04406, 2010 WL 1948352, at *5 (D.N.J. May 14, 2010) (holding that an incomplete IFP application will be denied).

   2.   Plaintiff's affidavit in support of the Application fails to establish his inability to pay the Court's fees. Plaintiff has failed to completely fill out the Application, such as by leaving most cells blank and failing to sign the affidavit. (ECF No. 1–1 p.1.)

   3.   Nevertheless, the Court shall screen the action to determine whether the complaint: (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)–(iii). While pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v.*

---

[1] Sergeant Farabella's first name is not provided in the Complaint.

*Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

4. When evaluating whether a complaint must be dismissed under § 1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5. A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

6. Here, the complaint does not meet the above standards. For example, Plaintiff alleges that he was incarcerated for several years because of an illegal arrest, search, and seizure. (ECF No. 1 pp. 4, 7, 8.) Plaintiff further alleges that his attorneys' failure to file an appeal constitutes ineffective assistance of counsel. (*Id.* p. 7.) The events giving rise to plaintiff's claims, however, all occurred in 2012 and 2018. (*Id.* p. 4.) Consequently, plaintiffs claims fall outside of the two-year statute of limitations for Section 1983 claims in New Jersey. *Dique v. N.J. State Police*, 603 F.3d 181, 185 (2010).

Accordingly,

**IT IS** on this **23rd** day of **January 2026 ORDERED** that:

1. The Application at ECF No. 1–1 is **DENIED without prejudice.** Plaintiff may file a renewed and completed IFP Application on or before **February 23, 2026**.

2. The Complaint at ECF No. 1 is **DISMISSED without prejudice**. Plaintiff may file an amended complaint on or before **February 23, 2026** addressing the deficiencies outlined above. If an amended complaint is not filed by February 23, 2026, the Court intends to dismiss the Complaint with prejudice.

      3.    The Clerk of the Court is directed to close this case and send a copy of this Order to plaintiff by regular mail.

                                                  */s/ Edward S. Kiel*
                                                  **EDWARD S. KIEL**
                                                  **UNITED STATES DISTRICT JUDGE**